Branch in his Annotated Texas Penal Code, § 165, as follows:

"The impeachment of defendant or any other material witness on an immaterial matter is not harmless error," the reason being that "by discrediting the witness and showing the jury that upon an immaterial matter he had testified falsely, it is calculated to make the jury believe that he may have testified falsely in regard to other matters which were material. * * * It is not proper to allow a witness to be cross-examined as to any matter which is collateral and immaterial to the issue merely for the purpose of contradicting him by other evidence. * * * When a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question."

Many cases will be found annotated supporting the text quoted. Among others, see Johnson v. State, 26 Tex. App. 631, 10 S. W. 235; Rainey v. State, 20 Tex. App. 473; Wilson v. State, 37 Tex. Cr. R. 64, 38 S. W. 610; Ballard v. State, 71 Tex. Cr. R. 587, 160 S. W. 716; Holland v. State, 60 Tex. Cr. R. 117, 131 S. W. 563. The reason for the rules is discussed at considerable length in some of the cases referred to, and it is not necessary to repeat it here.

The state's motion for rehearing is overruled.

## LEE v. STATE.
### No. 16480.

Court of Criminal Appeals of Texas.
Jan. 31, 1934.

Milton Greer Mell, of Gilmer, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for possession of intoxicating liquor for the purpose of sale; the punishment being one year in the penitentiary.

The indictment properly charges the offense. No statement of facts nor bills of exception are brought forward. In such condition, nothing is presented for review.

The judgment is affirmed.